**SOUTHEAST SHIPYARD ASSOCIATION, et al., Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. A. No. 89–2328.**

United States District Court, District of Columbia.

April 30, 1990.

Michael Joseph, Alex Blanton and Sheridan T. Black, Dyer, Ellis, Joseph & Mills, Washington, D.C., for plaintiffs.

Assistant U.S. Atty. Jeffrey T. Sprung, Washington, D.C., for defendants.

MEMORANDUM

JOHN GARRETT PENN, District Judge.

Plaintiffs, domestic shipbuilders and fishing vessel operators, bring this action to challenge the United States Coast Guard's

---

interpretation of the Commercial Fishing Industry Vessel Anti–Reflagging Act of 1987. Particularly, plaintiffs challenge the Coast Guard's interpretation of the Act's savings clause [1] relating to the citizen-control and domestic rebuilding requirements. Plaintiffs bring the suit pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 702, 703, and 706. This matter is before the Court on defendants' motion to dismiss or in the alternative for summary judgment and plaintiff's motion for summary judgment.[2] The Court heard oral argument on January 22, 1990.

## I.

On January 11, 1988, Congress enacted the Commercial Fishing Industry Vessel Anti–Reflagging Act of 1987. Pub.L. No. 100–239, 101 Stat. 1778 (1988). The United States Coast Guard accepts applications, evaluates the submissions to determine eligibility and issues certificates of documentation to qualified vessels. *See* 46 C.F.R. Part 67. The defendants state:

> In correspondence dated January 5, March 31, and May 31, 1989, the United States Coast Guard received inquires as to whether the vessels GULF FLEET NO. 10 AND 14 would remain eligible for documentation with fisheries endorsements following a proposed foreign rebuilding and stock transfer to a corporation requirements but not the new controlling interest restrictions established by the Anti–Reflagging Act.

Defendants' Memorandum In Support of Its Motion to Dismiss or in the Alternative for Summary Judgment ("Defendants' Memorandum") at 4, citing Administrative

1. The savings clause is also referred to as the "grandfather clause."

2. The parties agree that there are no material facts in dispute; and this case is a review of agency action based upon the administrative record.

3. Plaintiffs allege that "[o]n information and belief, the Coast Guard has issued and intends to issue U.S. fishing licenses to vessels owned by corporations controlled by aliens, so long as such vessels, as of July 28, 1987, were documented and operating as fishing, fish processing, or fish tender vessels in the navigable wa-

Record ("AR"), Tabs D, T. and AA. In response to the inquiries, on June 13, 1989, the Coast Guard advised that "the vessels qualify for exemption from the controlling interest requirements of the Anti–Reflagging Act pursuant to Section 7(b) of the Anti–Reflagging Act" and that if "the vessels are converted as you have proposed, and are redelivered according to the schedule in your submissions, they will enjoy grandfather rights under Section 4 of the Anti–Reflagging Act." Defendants' Memorandum at 4, citing AR, Tab A.

Plaintiffs contend that the Coast Guard's interpretation, as articulated in its June 13, 1989 letter, and the Coast Guard's past issuance and future intentions to issue United States fishery licenses to vessels owned by corporations controlled by non-U.S. citizens is arbitrary, capricious, an abuse of discretion, and contrary to law. Amended Complaint pars. 17, 21, and 22.[3] Defendants contend that plaintiffs' complaint should be dismissed on jurisdictional grounds because (1) the complaint fails to state a justiciable case or controversy and (2) the complaint is premature because the issue it raises are the subject of an ongoing agency rulemaking. In the alternative, the defendants submit that they are entitled to summary judgment as a matter of law, for the Coast Guard's statutory interpretation is not arbitrary and capricious.

## II.

█ The initial question before the Court is whether the complaint states a justiciable case or controversy. Particularly, the Court must determine whether the claim is ripe or final.[4] The ripeness doctrine re-

ters of the United States or the Exclusive Economic Zone, irrespective of the identity or citizenship of the owners of such vessels on such date." Amended Complaint par. 21. The defendants "do not deny that the fishery licenses plaintiffs complain of have not [sic] been issued in the past or will not [sic] be issued in the future." Defendants' Reply to Plaintiffs' Memorandum In Opposition ("Defendants' Reply") at 5.

4. Plaintiffs contend that they have standing because "two discrete Coast Guard actions have inflicted, and threaten to continue inflicting, on identified plaintiffs whose interest lie undenia-

**12**

quires this Court to evaluate the fitness of issues for judicial review and the hardship to the parties from withholding reviewing. *Public Citizen Health Research v. Commissioner, Food & Drug Administrative,* 740 F.2d 21, 30 (D.C.Cir.1984). The "[Administrative Procedure Act]'s requirement that agency action be 'final' before a court reviews the substance of that action, 5 U.S.C. § 704, similarly serves to prevent premature judicial review of administrative action." *Id.*[5]

The defendants contend that plaintiffs' complaint is similar to the complaint in *Shipbuilders Council of America v. United States,* 868 F.2d 452 (D.C.Cir.1989) ("*Shipbuilders*"). In *Shipbuilders,* this Circuit concluded that "[a]ppellees' plea is, essentially, a request for judicial advice—a declaration that a line of agency rulings should henceforth have no precedential effect"; accordingly, should be dismissed for want of a judicially-cognizable controversy. *Id.* at 456. Although there are some factual differences between *Shipbuilders* and the instant complaint, the Court agrees with the defendants that *Shipbuilders* does provide guidance in this case.

In *Shipbuilders,* the United States Customs Service ("Customs") received an inquiry from a company as to whether the company's projected dry-docking operation violates the Jones Act. *Id.* at 454. The Customs responded by telex that the proposed dry-docking operations would not violate the Jones Act. *Id.* Plaintiffs, Shipbuilders Council of America, sought a declaratory judgment that the proposed dry-docking operation was in violation of the Jones Act and an order directing the defendants to issue no similar ruling in the future. *Id.*

■ Plaintiffs in this case, likewise, seek a ruling that an agency interpretation based on proposed actions is in violation of federal law. Additionally, plaintiffs here contend that past interpretation is also in violation in the Anti–Reflagging Act. However, plaintiffs do not point to any particular past licensing that would allow the Court to determine the timeliness of the appeal or whether the administrative remedies have been exhausted.[6] The June 13, 1989 letter, like the telex in *Shipbuilders,* is not final agency action.[7] This Court must conclude that the complaint is not an appeal of final agency action; accordingly, the complaint is nonjusticiable.[8]

### III.

For the reasons discussed above, the Court concludes that the complaint fails to

---

bly within the zone protected by the relevant statute." Plaintiffs' Opposition at 1–2. However, the Court must first determine whether the agency's actions are final.

5. The ripeness doctrine "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreement over administrative policies, and protect[s] the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Public Citizen Health Research v. Commissioner, Food & Drug Administration,* 740 F.2d 21, 30 (1984) (quoting *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967)). While the requirement of finality permits "the agency an opportunity to correct its own mistakes and to apply its expertise" and prevents "piecemeal review which at the least is inefficient and upon completion of the agency process might prove to have been unnecessary." *Public Citizen Health Research,* 740 F.2d at 30 (quoting *FTC v. Standard Oil Co. of California,* 449 U.S. 232, 242, 101 S.Ct. 488, 494, 66 L.Ed.2d 416 (1980)).

6. Plaintiffs contend that defendants have not provided "an administrative record that fully reflected the action complained of." Plaintiffs Opposition at 4, n. 4. However, plaintiffs have not pointed to any particular agency action other than the June 13, 1989 GULF FLEET letter.

7. In *Shipbuilders,* the plaintiffs request a declaratory judgment with respect to future rulings, whereas in this case plaintiffs request that the present interpretation in the June 13, 1989 letter be held invalid. However, both case are based on agency interpretation of the law as it applies to proposed action to be taken by a company.

8. On October 13, 1989, two months after the complaint was filed, defendants issued a supplemental notice of proposed rulemaking regarding the "*controlling interest*" requirement of the Anti–Reflagging Act disputed in this complaint. The rulemaking process is still ongoing. The parties dispute whether the ongoing rulemaking process would preclude this Court from resolving the complaint. Because the Court concludes that the case is nonjusticiable on other grounds, the Court need not address the rulemaking issue.

state a justiciable case and defendants' motion to dismiss should be granted.